[No. 8,238.—In Bank.
April 4, 1882.

### E. B. McCOPPIN v. AMOS McCARTNEY ET AL.

60  367
e128 603

TAXATION OF SATISFIED MORTGAGE—CONSTITUTIONAL LAW.—The provision of the Constitution as to the taxation of mortgages applies to mortgages executed prior thereto.

ID.—ID. ·-VESTED RIGHT.—A mortgage prior to the adoption of the new Constitution did not have a vested right of exemption from taxation which extended beyond the life of the former Constitution. Even if he had a contract with his mortgagor by which the latter agreed to pay all taxes, a change in the law which imposed the duty on him to pay the tax in the first instance would not violate the obligation of the contract.

ID.—ID.—MORTGAGOR AND MORTGAGEE.—An erroneous assessment of a mortgage already satisfied is not void. In such case (Pol. C. § 3678) by operation of law the tax on the mortgagee's interest is valid only against the real estate, and payable by the owner of the land whose estate has been enlarged by the release of the mortgage lien.

APPEAL from a judgment for the plaintiff in the Superior Court of the City and County of San Francisco. EVANS, J.

Action to cancel a tax sale to the defendant McCartney and to enjoin the defendant Grady, who was tax collector, from making a deed in pursuance thereof. The assessment under which the sale took place was for the year 1880–81.

*Fred. D. Brandon*, for Appellant.

The assessment of the mortgage was valid as a lien upon the land. It is alleged in the complaint that the mortgage

debt had been paid at the date of its assessment, although the mortgage was still uncanceled of record. The mortgage is "an interest in the land." (Cal. Const. Art. xiv, § 4.)

If the tax was improperly assessed against the mortgage by reason of the mortgage having been paid, the tax remained valid against the land. (Pol. Code, § 3678.) Hence it is immaterial to a sale, otherwise regularly made, whether the tax was assessed by indirection through the mortgage, or directly against the land; in either case the tax is valid against the land, and the sale is good. The assessment of the mortgage was not in conflict with any constitutional provision.

The provisions of the new Constitution relative to the assessment of mortgages operate alike upon those created prior or subsequent to the adoption of that instrument. Such assessment does not impair the obligation of a contract; that will remain of binding force between the parties, with like remedies in case of breach, as with other contracts. The relation of the parties toward each other is not altered, but only their relation toward the State.

*Edward J. Pringle,* also for Appellant.

The Constitution of 1880 made a revolution in the revenue system of the State. Instead of taxing only visible and tangible property, it treats as property for the purposes of taxaation all promises to pay or evidences of indebtedness.

As the only means of giving harmony to the system and enforcing the collection of the tax, the mortgage is made by the Constitution an interest in the land. Thenceforth there is but one thing to tax—the land. And the only inquiry from the State is, to whom the several interests shall be taxed; how much to the owner, how much to the mortgagee. Of course, this inquiry is attended with as much uncertainty as ordinarily attends the other questions surrounding the ownership of property. But the land being visible, and the several ownerships invisible, the State looks to the land for its tax, and makes careful provision that no mistake as to the invisible and uncertain shall release its hold of the visible and tangible object upon which it relies. (Pol. C. §§ 3628, 3807, 3678.)

In the present case the complaint shows that the mortgage

had been paid before the first Monday in March; the answer shows that from the assessment on the real estate the deduction of the mortgage had been previously made.

The tax is always a tax upon the land. Whether assessed to owner or mortgagee the land is always liable to be sold for the tax. If erroneously taxed to the mortgagee it is "valid only as against the land." To the State and to the land it is wholly immaterial whether the mortgage be paid or not. If it be unpaid, the land is sold to pay the tax rightfully assessed to the mortgagee; if it be paid, the land sold to pay the tax is wrongfully assessed to the mortgagee.

The Court below decided the case on the ground that the new Constitution was intended to take effect only upon mortgages executed subsequent to its passage.

But surely it is not retrospective to operate thereafter upon existing debts. When the Constitution took effect, it operated thenceforward upon all the different classes of property enumerated in the tax list. A chose in action which was not recognized as property before, becomes taxable property thereafter.

But there is unmistakable internal evidence that these provisions of the Constitution in relation to taxation of mortgages were intended to take effect upon existing debts and mortgages. For Section 4 of Article xiii, provides that " every contract *hereafter made,*" by which a debtor is obligated to pay any tax on money loaned, or on any mortgage, shall be null and void. If no mortgages were intended to be taxed but those hereafter made, there would be no occasion for making that limitation upon the contracts prohibited.

*T. C. Van Ness,* for Respondent.

The mortgage debt having been paid, the assessment was void. Prior to the adoption of the present Constitution mortgages were not taxable. (*People* v. *Hibernia Bank,* 51 Cal. 243.) The taxation of mortgages, as an interest in land, is the creature of the new organic law. The legislative power to thus indirectly tax the land is derived from that instrument, and, so far as legislative enactment exceeds the constitutional limitation, it is void. (State Constitution, Art. xiii, § 4.) The property involved in this action was one of three

pieces mortgaged to secure the payment of a note for forty thousand dollars, executed March 15, 1872. So much of that debt as was secured by this particular piece of property was paid many years antecedent to the tax sale under which defendant claims. The payment of the debt extinguished the mortgage *pro tanto.* (*McMillan* v. *Richards*, 9 Cal. 365.) The mere assessment of an uncanceled record was void and the purchaser of the property at tax sale obtained no rights. (State Cons., Art. xiii, § 4; Pol. C., §§ 3617–3627.) The As sessor is armed with full statutory powers to ascertain the existence or non existence of the debt. (Pol. C., §§ 3626, 3629, 3632.) And if he fails to exercise these powers, the State cannot suffer. (Pol. C., §§ 3660–3662.)

The defendants may rely upon the Political Code, Section 3678, upon this point. The Court will notice that the language of that section is "to assist" the Assessor, the Recorder must do certain acts. The abstract of mortgages to be transmitted by the Recorder is to consist of mortgages given to secure debts not barred by the statute of limitations. And upon the basis of this abstract the Assessor *may*, but need not necessarily, list upon the assessment roll any mortgages therein contained. But where the Recorder includes in the abstract, or the Assessor thereupon lists on the assessment roll any mortgage given to secure a debt barred by the statute, they have both, and each of them, exceeded their statutory powers, and to that extent their acts are void. It is clear that the statute contemplated that mortgages not barred by limitation, and appearing of record, should be considered *prima facie* alive, and that if any such mortgage should be paid prior to its assessment, the assessment of the same should be a valid lien against the property covered thereby. But I think it is equally clear that such intendment of the statute does not extend to mortgages barred by limitation.

The assessment of any other mortgage is a void act, and, as to such, Section 3678 does not apply, and the argument of appellant based upon that section falls to the ground.

Section 3678, Political Code, is clearly unconstitutional, in so far as it validates the assessment of a satisfied mortgage. As has been before remarked, a mortgage could not have been taxed prior to the adoption of the new Constitution, and the

breadth and length of the legislative power in this respect is gauged by that instrument. But only a mortgage which secures a debt can be taxed under its provisions. (State Const., Art. xiii, § 4.)

It would seem that, in view of all the powers given to the Assessor to ferret out the truth in regard to the existence of property, and the safeguards thrown around the interests of the taxing power, that officer should not be allowed to grope around blindly in the dark, as was done in this case.

The proceedings by which a party is divested of his property at a tax sale is *in invitum*, and the statutes under which these sales are made are to be strictly construed against the purchaser of the tax title. (Blackwell on Tax Titles, 4. ed. marginal, pp. 61 to 65; Cooley's Const. Lim., 3. ed., p. 521; *Ferris* v. *Cooper*, 10 Cal. 632; *Kelsey* v. *Abbott*, 13 id. 618; *People* v. *Mahoney*, 55 Cal. 286.)

The Court:

It is urged by respondent that the assessment of the mortgage interest was void, because the mortgage was executed in 1872, and the Constitution operates prospectively, authorizing only the taxation of mortgages created subsequent to its adoption. But a mortgagee, prior to the adoption of the new Constitution, did not have a vested right of exemption from taxation which extended beyond the life of the former Constitution. Even if he had a contract with his mortgagor by which the latter agreed to pay all taxes, a change in the law which imposed the duty upon him to pay the tax on the mortgage interest in the first instance, would not violate the obligation of the contract. Mortgagee might still enforce his contract against mortgagor. His relation to the debtor would not be changed, but only his relation to the State. The plain intent of the new Constitution is to subject to taxation classes of property previously exempt. That one of the new classes consists of credits, secured or unsecured, no more violates any contract or vested right, of the creditor, than would a provision by which, for the first time, the owner of any *tangible* property should be taxed upon its value.

It is further urged that the tax upon the mortgage interest in the land is void, because the mortgage debt had been paid

and the lien released. But Section 3678 of the Political Code provides: "Any assessment on a mortgage or deed of trust, which has been erroneously taxed to the mortgagee or the party loaning the money, when the same has been paid or satisfied prior to the first Monday in March, shall be valid only as against the real estate from the assessment on which a deduction has previously been made." The real estate is appraised at its just valuation. An existing mortgage is deemed an interest in the real estate, and its value is assessed to the mortgagee or his assignee; the balance of value being assessed to the owner of the land. If, however, by mistake a mortgage which has been paid off shall be assessed, then, by operation of law, the tax on the mortgagee's interest is valid only against the real estate, and payably by the owner of the land, whose estate has been enlarged by the release of the mortgage lien. Such is the system, in which we see nothing in conflict with any provision of the Constitution.

Judgment reversed.

McKEE, J., dissented.